# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   Plaintiff,<br><br>vs.<br><br>**JOSHUA STEPHEN PERRY,**<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:22CR102 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for Pretrial Determination of Potential Statutory Enhancement. The court has carefully reviewed the written memoranda submitted by the parties, and pursuant to DUCivR 7-1(g), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(g). Now being fully advised, the court issues the following Memorandum Decision and Order denying Defendant's motion.

Mr. Perry has been charged in a two-count Indictment with Distribution of Child Pornography, under 18 U.S.C. § 2252A(a)(2)(A), (B) and (b)(1); and Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Those statutes both carry potential enhancements to minimum/mandatory prison sentences if Mr. Perry has a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." Mr. Perry has a prior conviction in the Third District Court, State of Utah, for the offense of Unlawful Sexual Activity with a Minor, a Class A Misdemeanor.

Mr. Perry argues that this prior conviction does not qualify for a sentencing enhancement under the statute or that the law seems to be unclear as to the applicability of this particular prior offense to the potential enhancements under 18 U.S.C. § 2252A. The United States, on the other hand, contends that Mr. Perry's request is not ripe for adjudication, and if the court finds that it is ripe for decision, that his prior conviction does serve to enhance the sentence in this case.

The court understands Mr. Perry's request to obtain a determination about whether his prior offense would qualify for the sentencing enhancement, as it would likely help with plea negotiations. Unfortunately, however, the court cannot provide the ruling he seeks at this time. "The Constitution grants Article III courts the power to decide 'Cases' or 'Controversies,'" thus "preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020). "One kind of advisory opinion is an opinion advising what the law would be upon a hypothetical state of facts." *Pub. Water Supply Dist. No. 8 v. City of Kearney,* 401 F.3d 930, 932 (8th Cir.2005) (internal quotations and citations omitted). A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523, U.S. 296, 300 (1998) (internal quotation omitted). "The ripeness doctrine serves to 'avoid[ ] . . . premature adjudication' of legal questions and to prevent courts from 'entangling themselves in abstract' debates that may turn out differently in different settings." *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003)) (alterations in original).

Through his motion, Mr. Perry has asked this court to determine whether his previous conviction for unlawful Sexual Activity with a Minor would subject him to a sentencing enhancement in this case *if* he is convicted. But he has not been convicted, and until he is convicted, any opinion about whether his prior conviction qualifies as a sentencing enhancement would be an improper advisory opinion.[1] The court concludes that the issue is not fit for judicial review, and the hardship imposed upon Mr. Perry does not warrant adjudication of an issue that is not otherwise ripe for decision.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's Motion for Pretrial Determination of Potential Statutory Enhancement (ECF No. 24].

DATED this 6th day of April, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[1] *United States v. Edwards*, No. 1:16-cr-081, 2017 WL 606768, at *5 (S.D. Ohio Feb. 15, 2017) (finding that motion to dismiss ACCA enhancement was not ripe for decision prior to conviction); *United States v. Burden*, No. 16-CR-097, 2017 WL 606770, at *3 (S.D. Ohio Feb. 15, 2017) (same); *United States v. Williams*, No. 15-CR-0185, 2015 WL 5638051, at *1 (D. Minn. Sept. 24, 2015) (declining to determine whether prior conviction qualified as a "crime of violence" prior to conviction); *United States v. Ayotte*, 841 F.Supp.2d 398, 411 (D. Me. 2012) (same); *United States v. Thompson,* Criminal Action No. 12–CR–20656, 2012 WL 6214428, at *1–3 (E.D. Mich. Dec.13, 2012) (declining to determine pre-conviction whether a prior conviction will support the career offender enhancement); *United States v. Gore*, No. 06-CR-5722, 2008 WL 312783, at *1 (W.D. Wash. Feb. 1, 2008) (same).